# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NOVAK'S COLLISION CENTER, INC., | )   Cause No. 4:12-cv-02148 |
| Serve Registered Agent: | ) |
| Charles Novak | )   **JURY TRIAL DEMANDED** |
| 4641 North Saint Peters Parkway | ) |
| St. Peters, MO 63304 | ) |
| | ) |
| and | ) |
| | ) |
| CHARLES NOVAK, | ) |
| Serve At: | ) |
| 4641 North St. Peters Parkway (POE) | ) |
| St. Peters, MO 63304 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW The Sherwin-Williams Company, d/b/a Sherwin-Williams Automotive Finishes Corp., by and through its undersigned counsel, and brings this action against Defendants, Novak's Collision Center, Inc. ("NCC") and Charles Novak ("Novak")(collectively, "Defendants"), and hereby states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, The Sherwin-Williams Company, f/k/a Sherwin-Williams Automotive Finishes Corp. ("Sherwin-Williams" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

1

2. Defendant, Novak's Collision Center, Inc. ("NCC") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Peters, Missouri. NCC is engaged in the business of painting and repairing automobiles.

3. Charles Novak ("Novak"), NCC's President, is an individual domiciled in and a citizen of the State of Missouri.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ("$75,000.00"), exclusive of interest, attorney's fees and costs, and complete diversity exists among the parties.

5. Venue is proper in the Eastern District of Missouri Court 28 U.S.C. § 1391(a) and (b) because "a substantial part of the events or omissions giving rise to the claim" occurred within the Eastern District of Missouri, and Defendants NCC and Novak are subject to personal jurisdiction in the District.

## FACTUAL ALLEGATIONS

6. Sherwin-Williams is engaged in the business of, *inter alia*, selling automotive paints, coatings and related products.

7. On or about January 1, 2012, NCC entered into a supply agreement with Sherwin-Williams (the "Supply Agreement"), pursuant to the which NCC agreed to use Sherwin-Williams automotive paints, coatings and related products exclusively, from January 1, 2012 (the "Effective Date") until the date upon which net sales, as defined by the Supply Agreement, equaled Four Hundred Sixty-One Thousand and 00/100 Dollars ($461,000.00) (the "Term"). A copy of the Supply Agreement is not attached hereto as Defendants have a copy, and because its terms are expressly confidential and proprietary.

8. For and in consideration of the mutual covenants and promises stated in the Supply Agreement, Sherwin-Williams agreed, among other promises, to provide an advance payment to NCC in the amount of Ninety Thousand and 00/100 Dollars ($90,000.00) (the "Advance"). Sherwin-Williams provided the Advance to Defendants by check dated January 24, 2012.

9. In consideration for Defendant NCC's agreement to purchase exclusively from Sherwin-Williams all of its requirements for automotive paints, coatings and related products for the Term enumerated above, Sherwin-Williams agreed to, and did in fact provide NCC the Advance, and agreed to sell NCC such products at a discount during the Term of the Supply Agreement. Further, the Parties contemplated that Sherwin-Williams would profit from the Supply Agreement.

10. On or about January 13, 2012, Charles Novak entered into a written guaranty, wherein he personally guaranteed payment and performance by NCC of its obligations under the Supply Agreement, in consideration for Sherwin-Williams' extension of the Advance under the Supply Agreement. A true and accurate copy of the Guaranty is attached hereto as Exhibit 1.

11. Pursuant to the Guaranty, upon NCC's failure to pay and perform obligations under the Supply Agreement, Novak agreed to become individually liable to Sherwin-Williams for any such unpaid amounts.

12. From January 2012 until approximately September 2012, NCC performed its obligations to Sherwin-Williams, pursuant to the Supply Agreement.

13. In approximately September 2012, Sherwin-Williams learned that NCC had installed a competitive line of paint products, and had discontinued purchasing all of its requirements for automotive paints, coatings and related products exclusively from Sherwin-Williams. This constituted a breach by NCC of the Supply Agreement.

14. On or about September 18, 2012, Sherwin-Williams provided written notice of the breach to Defendants on or about September 18, 2012. (See 9/18/2012 Notice of Breach, attached hereto as Exhibit 2).

15. NCC's breach of the Supply Agreement, and Charles Novak's breach of the Guaranty, will continue to cause considerable financial harm to Sherwin-Williams in excess of the jurisdictional amount.

## COUNT I- BREACH OF CONTRACT
**(Defendant NCC)**

16. Sherwin-Williams re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. As set forth above, the Supply Agreement is a valid and binding contract, pursuant to which NCC owed specific obligations to Sherwin-Williams.

18. NCC materially breached the Supply Agreement by, *inter alia*, failing to purchase all of its requirements for automotive paints, coatings and related products exclusively from Sherwin-Williams for the Term and by installing a competitive supply line of paints and related products, in violation of the Supply Agreement.

19. Sherwin-Williams has performed all conditions precedent and duties under the Supply Agreement.

20. As a direct and proximate result of NCC's breach of the Supply Agreement, Sherwin-Williams has suffered damages including, without limitation, unpaid outstanding invoices, the cost of training provided to NCC and its employees, the cost of toner consignments and mixing equipment provided to NCC, and the lost profits Sherwin-Williams was set to earn during the term of the Supply Agreement in an amount to be proved at trial, and in excess of Three-Hundred and Fifty Thousand Dollars ("$350,000.00").

## COUNT II- BREACH OF CONTRACT
### (Defendant Charles Novak)

21. Sherwin-Williams re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. As set forth above, the Guaranty is a valid and binding contract pursuant to which Charles Novak owes obligations to Sherwin-Williams. *See* Ex. 1.

23. Charles Novak materially breached the Guaranty by failing to pay Sherwin-Williams the amount due under the Supply Agreement and Guaranty.

24. Sherwin-Williams has fully performed all conditions precedent under the Supply Agreement and Guaranty, and all conditions precedent to the maintenance of this action have been satisfied.

25. As a direct and proximate result of Charles Novak's breach of the Guaranty, Sherwin-Williams has suffered damages in an amount to be proved at trial, and in excess of Three-Hundred and Fifty Thousand Dollars ("$350,000.00").

## REQUEST FOR RELIEF

WHEREFORE, Sherwin-Williams respectfully requests that this Court to enter judgment in its favor and against Defendants in an amount to be proved at trial plus interest at the legal rate, attorney fees, costs of suit, and all other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Tracy J. Cowan
    Tracy J. Cowan, #MO40229
    E. Ben Thames, Jr., #MO56585
    10 S. Broadway, Suite 1300
    St. Louis, MO 63102
    Phone: 314-678-8600
    Fax: 314-678-8686

    tcowan@hptylaw.com
    ethames@hptylaw.com

HAWKINS PARNELL THACKSTON
& YOUNG LLP

and

*Pending Admission Pro Hac Vice*

**DEVANEY JACOB WILSON, PLLC**

By: */s/ JEFFREY D. WILSON*
**JEFFREY D. WILSON (P56376)**
**MICHAEL M. JACOB (P15391)**
3001 W. Big Beaver Road, Ste. 624
Troy, Michigan 48084
Telephone: (248) 649-0990
Facsimile: (248) 649-7155
jeff@djwlawfirm.com
michael@djwlawfirm.com

*Attorneys for The Sherwin-Williams Company*

6