

## Guaranty

A.   For and in consideration of the agreement of The Sherwin-Williams Company, dba Sherwin-Williams Automotive Finishes ("Sherwin-Williams") to extend credit to Novak's Collision Center, Inc. ("Customer"), the undersigned, Charles Novak ("Guarantor"), hereby absolutely, irrevocably and unconditionally guarantees the prompt and complete payment and performance by Customer of all of Customer's obligations to Sherwin-Williams under the Supply Agreement by and between Customer and Sherwin-Williams and/or under any other agreement or arrangement, now or hereafter owing (collectively referred to herein as the "Obligations"). Upon the failure by Customer to pay to Sherwin-Williams the full amount that is due and payable under any of the Obligations, Guarantor shall pay to Sherwin-Williams upon demand the full amount that is due and payable under all of the Obligations. This guaranty is a primary, absolute, irrevocable and unconditional obligation of Guarantor and is enforceable by Sherwin-Williams, its successors and assigns, before or after proceeding against Customer, any other guarantor and/or any collateral securing the Obligations, and regardless of any insolvency, receivership or bankruptcy of Customer or any other guarantor, or any discharge, reduction, extension or other modification of Customer's indebtedness and/or the Obligations.

B.   The obligations of Guarantor under this Guaranty are in addition to and shall not prejudice or be prejudiced by any other agreement, instrument, surety or guaranty (including any other agreement, instrument, surety or guaranty signed by Guarantor) which Sherwin-Williams may now or hereafter hold relative to any of the Obligations. Without notice to Guarantor, Sherwin-Williams may: (i) obtain personal credit history and current debt information of Guarantor as required; (ii) release, compromise, or agree not to sue, in whole or in part, Customer or any other obligor, guarantor, endorser or surety upon any of the Obligations; (iii) waive, rescind, renew, extend, modify, increase, decrease, delete, terminate, amend, or accelerate in accordance with its terms, either in whole or in part, any of the Obligations, any of the terms thereof, or any agreement, covenant, condition, or obligation of or with Customer or any other obligor, guarantor, endorser or surety upon any of the Obligations; (iv) apply any payment received from Customer, Guarantor or any other obligor, guarantor, endorser or surety upon any of the Obligations to any of the Obligations which Sherwin-Williams may choose; (v) enter into any accord and satisfaction agreement as deemed advisable by Sherwin-Williams; and (vi) surrender, release or receive any property or other security of any kind or nature whatsoever held by it or any person or entity on its behalf or for its account securing any indebtedness of Customer or any Obligation, or substitute any collateral so held by Sherwin-Williams for other collateral of like kind, or of any kind, or adjust, compromise and receive less than the amount due upon any such collateral. Sherwin-Williams shall be under no duty to undertake to collect upon any collateral or any part thereof, and shall not be liable for any negligence or mistake in judgment in handling, disposing of, obtaining, or failing to collect upon, or perfecting or maintaining a security interest in, any such collateral. None of the actions described in this paragraph shall release Guarantor from any obligation or otherwise affect the obligations of Guarantor under this Guaranty.

C.   Guarantor irrevocably waives and releases any claim or defense to this Guaranty based upon lack of consideration or any other defense provided by law, including, without limitation, defenses based upon any of the following: (i) notice of acceptance of this Guaranty by Sherwin-Williams and of the creation, extension or renewal of any Obligation to which it relates and of any default by Customer; (ii) notice of presentment, demand for payment, notice of dishonor or protest of any of Customer's obligations or the obligation of any person or entity held by Sherwin-Williams as collateral security for any Obligation; (iii) notice of the failure of any person or entity to pay to Sherwin-Williams any indebtedness held by Sherwin-Williams as collateral security for any Obligation; (iv) failure of Sherwin-Williams to obtain and perfect or maintain the perfection or priority of any security interest or lien on property to secure any Obligation; (v) the failure of Sherwin-Williams to have any other person or entity execute any guaranty relating to the extension of credit to Customer; (vi) any failure promptly to commence suit against any party or to give any notice to or make any claim or demand upon Guarantor or Customer; (vii) offsets and counterclaims which Guarantor may at any time have to any claim of Sherwin-Williams against Customer; and (viii) any defense to any of the Obligations which may be available to or could be asserted by Customer, except for payment. No act, failure to act, or omission of any kind on the part of Guarantor, Customer, Sherwin-Williams or any person or entity shall be a legal or equitable discharge or release of Guarantor hereunder unless agreed to hereafter in writing by Sherwin-Williams.

D.   Guarantor's execution of this Guaranty was not based upon any facts or materials provided on behalf of Sherwin-Williams, and Guarantor was not induced to execute this Guaranty by any representation, statement or analysis made on behalf of Sherwin-Williams. Guarantor assumes sole responsibility for independently obtaining any information or reports deemed advisable by Guarantor with regard to Customer, and Guarantor agrees to rely solely on the information or reports so obtained in reaching any decision to execute this Guaranty.

_____
CHARLES NOVAK
Date: 1-13-2013

**EXHIBIT 1**

1