UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV02148 ERW |
| | ) |
| NOVAK'S COLLISION CENTER, INC. and | ) |
| CHARLES NOVAK, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| DANNY SOAIB, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on Third-Party Defendant Danny Soaib's Motion to Dismiss Third Party Plaintiffs' Third Party Complaint [ECF No. 48].

This litigation arises out of a dispute between Plaintiff The Sherwin-Williams Company (Sherwin-Williams) and Defendants Novak's Collision Center, Inc. (NCC) and Charles Novak. On November 16, 2012, Sherwin-Williams filed a Complaint [ECF No. 1], asserting breach of contract claims against Defendants. On April 30, 2013, Defendants filed three counterclaims against Sherwin-Williams, alleging violations of the Missouri Merchandising Practices Act, fraudulent misrepresentation, and negligent misrepresentation. In their Counter Claim/Third Party Complaint [ECF No. 23], Defendants also named Danny Soaib, a Sherwin-Williams employee, as a "third-party defendant." The claims asserted against Sherwin-Williams and Soaib are identical.

On May 28, 2013, Sherwin-Williams filed its Motion to Dismiss Defendants' Counterclaims [ECF No. 29] for failure to state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure 12(b)(6). For reasons stated in a separate Memorandum and Order dated October 3, 2013, the Court granted Sherwin-Williams's Motion with respect to each of the three counterclaims alleged by Defendants.

Soaib now moves the Court to dismiss the identical claims against him, because (1) he is not a proper third-party defendant under Federal Rule of Civil Procedure 14, and (2) Defendants have failed to state a claim upon which relief can be granted. In its separate Memorandum and Order dated October 3, 2013, the Court found Defendants have failed to state a claim upon which relief can be granted against Sherwin-Williams. Because the claims against Sherwin-Williams and Soaib are identical, the Court hereby incorporates the reasoning already given in the separate Memorandum and Order, and similarly grants Soaib's Motion for failure to state a claim upon which relief can be granted.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Danny Soaib's Motion to Dismiss Third Party Plaintiffs' Third Party Complaint [ECF No. 48] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Missouri Merchandising Practices Act claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the fraudulent misrepresentation claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the negligent misrepresentation claim is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Because no remaining claims exist against Soaib, the Court need not determine whether Defendants properly joined him. The Court notes, however, the record is devoid of any allegations or evidence suggesting Soaib "is or may be liable to [Defendants] for all or part of the claim against [them]." Fed. R. Civ. P. 14.

Dated this 8th day of October, 2013.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE